**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL LEE GORDON, | : | |
| Petitioner | : | |
| | : | CIVIL NO. 3:15-CV-0769 |
| v. | : | |
| | : | (JUDGE NEALON) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## MEMORANDUM

### Procedural Background

On April 20, 2015, Petitioner, Michael Lee Gordon, an inmate confined at the Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP-Allenwood") at the time of the filing, and currently confined at the Central Mississippi Correctional Facility in Pearl, Mississippi, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a portion of his criminal sentence rendered in 1999 by the United States District Court for the Southern District of Ohio.  (Doc. 1).  For relief, Petitioner is requesting that this Court "resentence him to one (1) gun count and seven (7) Hobbs Act violations and to dismiss the other six (6) remaining gun counts."  (Id. at 3).

On May 7, 2015, a show cause order was issued, and on May 27, 2015, Respondent filed a response to the petition.  (Docs. 6 and 7).  On June 29, 2015, Petitioner filed a traverse.  (Doc. 10).  The matter is now ripe for review.

**Factual Background**

In the United States District Court for the Southern District of Ohio, Petitioner was convicted of seven (7) counts of using a firearm during a violent crime (18 U.S.C. § 924(c)) and seven (7) counts of violating the Hobbs Act (18 U.S.C. § 1851).  United States v. Gordon, 238 F.3d 425, (6th Cir. 2000).  He was sentenced to one thousand six hundred fifty-one (1,651) months imprisonment and three (3) years supervised release, and his conviction and sentence were affirmed in 2000.  Id.  On two (2) separate occasions, Petitioner filed a petition for writ of habeas corpus under 18 U.S.C. § 2255 to have his sentence vacated or set aside, and both motions were denied by the sentencing court.  Order, Appeal No. 13-4284 at 1 (6th Cir. Sept. 17, 2014).  The United States Court of Appeals denied his certificate of appealability.  Id.  Petitioner then filed numerous unsuccessful motions with the Sixth Circuit seeking leave to file a second or successive § 2255 petition, including one (1) filed in 2013 in which Petitioner relied, as he does in the instant case, upon the Supreme Court's ruling in Alleyne v. United States, 133 S. Ct. 2151 (2013).  Id.

**Standard of Review**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in

violation of the Constitution or laws of the United States or are otherwise subject to collateral attack.  Davis v. United States, 417 U.S. 333, 343 (1974); O'Kereke v. United States, 307 F.3d 117, 122-23 (3d Cir. 2002).  Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention.  See 28 U.S.C. § 2255(e); O'Kereke, 307 F.3d at 120 (explaining that this exception is extremely narrow).  "A motion under § 2255 is inadequate or ineffective 'only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claim of wrongful detention.'"  Yuzary v. Samuels, 269 Fed. Appx. 200, 201 (3d Cir. 2008) (quoting Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002)).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Cradle, 290 F.3d at 539; In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Cradle, 290 F.3d at 538. Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255.  Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001)

(Vanaskie, J.).  As recognized in Dorsainvil, a federal prisoner can pursue relief under section 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice.  Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under 28 U.S.C. § 2241, the petition must be dismissed for lack of jurisdiction.  See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

**Discussion**

In the case at hand, Petitioner is challenging a portion of his criminal sentence rendered in 1999 by the United States District Court for the Southern District of Ohio based on the United States Supreme Court's holding in Alleyne v. United States, 133 S. Ct. 2151 (2013).  In Alleyne, the Supreme Court held that a fact that increases the mandatory minimum sentence for a crime is an element of the crime, and must be submitted to the jury and result in a finding beyond a reasonable doubt.  Id. at 2160-63.  However, this holding is not retroactively applicable to cases on collateral review.  Id.; see United States v. Reyes, 755 F.3d 210, 211 (3d Cir. 2014) (citing United States v. Winkleman, 746 F.3d 134 (3d Cir. 2014)).  To reiterate, a federal prisoner can pursue relief under section 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is

not criminal so as to avoid a complete miscarriage of justice.  <u>Dorsainvil</u>, 119 F.3d

at 251.  However, it is determined that because the holding in <u>Alleyne</u> does not

retroactively apply to cases on collateral review, and because Petitioner has not

presented any other statutes or case law that reveal that the conduct for which he

was convicted and sentenced was not criminal, Petitioner is barred from

challenging his conviction and sentence in a § 2241 habeas action.  As such, the

petition will be denied for lack of jurisdiction.

          **  /s/  William J. Nealon    **

**Date:** July 22, 2015          **United States District Judge**